IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TEIMARA CRUZ-DINGUI,**<br>Plaintiff,<br><br>v.<br><br>**FRANK BISIGNANO,**<br>Commissioner of the Social Security Administration<br>Defendant. | Civil No. 26-1015 (MBA) |

## OPINION AND ORDER

Teimara Cruz-Dingui seeks review of the final administrative decision of the Commissioner of the Social Security Administration denying her claim for disability benefits under the Social Security Act, 42 U.S.C. § 423. Cruz requests that the Commissioner's decision be reversed and remanded to Commissioner for the computation of benefits because the Commissioner relied on the wrong job category in step-5 and failed to assess Cruz's manipulative limitations. (ECF No. 14). The Commissioner opposes. (ECF No. 16). First, while agreeing that the ALJ mistakenly relied on light jobs for the step-5 finding, the Commissioner argues that remanding to the ALJ is an "empty exercise" because the vocational expert testified as to sedentary jobs. (*Id.*). Second, that Cruz failed to show there is any evidence showing that she has any manipulative limitations. (*Id.*). After careful consideration of the record, and for the reasons outlined below, the Commissioner's decision is **AFFIRMED**.

## APPLICABLE LEGAL FRAMEWORK

After reviewing the pleadings and record transcript, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the Commissioner and his

delegates employed the proper legal standards and found facts upon the proper quantum of evidence. *Manso-Pizarro v. Sec'y of Health & Hum. Services*, 76 F.3d 15, 16 (1st Cir. 1996). The Commissioner's "findings of fact are conclusive when supported by substantial evidence, 42 U.S.C.§ 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citing *Da Rosa v. Secretary*, 803 F.2d 24, 26 (1st Cir. 1986) (*per curiam*); *Ortiz v. Sec'y of Health & Hum. Services*, 955 F.2d 765, 769 (1st Cir. 1991)). Substantial evidence means "'more than a mere scintilla.' . . . It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal citation omitted). The court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Hum. Services*, 819 F.2d 1, 3 (1st Cir. 1987) (citing *Lizotte v. Sec'y of Health and Hum. Servs.*, 654 F.2d 127, 128 (1st Cir. 1981)).

To be eligible for social security benefits, a claimant must demonstrate that he or she is "disabled" within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The Act defines disability in pertinent part as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be severe enough that "he [or she] is not only unable to do his [or her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists [in significant numbers] in the national economy…." 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); *see also* 20 C.F.R. § 404.1520(a).

The Commissioner follows a five-step evaluation process to determine disability. *Mills v. Apfel*, 244 F.3d 1, 2 (1st Cir. 2001); 20 C.F.R. § 404.1520(a). These steps must be followed in order, and if a

person is determined not to be disabled at any step, the inquiry stops. 20 C.F.R § 404.1520(a)(4). The Plaintiff has the burden of proof with respect to the first four steps of the process. *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001).

At Step One, the Commissioner determines whether the claimant is currently engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At Step Two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If not, the disability claim is denied. At Step Three, the Commissioner must decide whether the claimant's impairment, considered singly and in combination with any other impairments, is equivalent to a specific list of impairments contained in the regulations' Appendix 1 (the "Listings"), which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets or equals one of the listed impairments, he or she is conclusively presumed to be disabled. *Id.* If not, the evaluation proceeds to Step Four, through which the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the impairment(s) prevent the claimant from doing the work he or she has performed in the past. 20 C.F.R. § 404.1520(e–f).

An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). If the claimant can perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(e). If he or she cannot perform this work, the fifth and final Step asks whether the claimant can perform other work available in the national economy in view of her RFC, as well as age, education, and work experience. If the claimant cannot, then he or she is entitled to disability benefits. 20 C.F.R. § 404.1520(f).

At Steps One through Four, the claimant has the burden of proving he or she "cannot return

to [the] former employment because of [the] alleged disability." *Santiago v. Sec'y of Health & Hum. Servs.*, 944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has done this, the Commissioner has the burden under Step Five to prove the existence of other jobs in the national economy the claimant can perform. *Ortiz v. Sec'y of Health & Hum. Servs.*, 890 F.2d 520, 524 (1st Cir. 1989) (citing 20 C.F.R. § 404.1520(f)). Additionally, to be eligible for disability benefits, the claimant must demonstrate that the disability existed prior to the expiration of their insured status. *Cruz Rivera v. Sec'y of Health & Hum. Servs.*, 818 F.2d 96, 97 (1st Cir. 1986).

## BACKGROUND[1]

Cruz originally applied for disability insurance benefits on February 22, 2023, alleging her disability began on January 4, 2020. (Tr. 600–01). Shortly thereafter the claim was denied on May 16, 2023, and on reconsideration on August 15, 2023. (Tr. 464–67, 474–77).

ALJ Judith Torres held a hearing on September 5, 2024, and issued an unfavorable decision a few months later, on December 18, 2024. (Tr. 9–34). The Appeals Council denied the request for review on December 3, 2025. (Tr. 1–8). The ALJ's written decision is briefly summarized below.

The ALJ determined at Step One of the five-step sequential process that Cruz had not engaged in substantial gainful activity from the date of alleged onset through the date when she was last ensured. (Tr. 17). At Step Two, the ALJ found that Cruz had the following severe impairments: lumbar and cervical spine disorder, sacroiliitis, osteoarthritis, major depressive disorder, and fibromyalgia. (Tr. 17–18).

At Step Three, the ALJ found that Cruz did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the Listings. (Tr. 18–19). First, the ALJ found that the record did not establish Cruz's cervical and lumbar spine

[1] The facts in this section are drawn from the transcript ("Tr.") of the record of proceedings. (ECF No. 11).

disorders, sacroiliitis, and osteoarthritis met or medically equaled listings 1.15, 1.1.6, and 1.18. (Tr. 18). There was no evidence of a documented need for Cruz to use an assistive mobility device, or an inability to use one or both upper extremities "to independently initiate, sustain, and complete work-related activities involving fine and gross movements." (Tr. 19). As to the sacroiliitis and/or inflammatory arthritis, the ALJ found that it met or medically equaled the listings in 14.09. (*Id.*). The ALJ found that the record did not establish that Cruz's mental impairments, considered singly and in combination, met or medically equaled the criteria of listing in 12.04. (Tr. 20).

Before moving to Step Four, the ALJ concluded that Cruz had an RFC:

> to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently; sit for 6 hours in an 8-hour workday, stand and/or walk for 2 hours in an 8-hour workday. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance and stoop frequently, kneel and crouch occasionally, but never crawl. The claimant can never work at unprotected heights, can work moving mechanical parts occasionally, and operating a motor vehicle occasionally. [F]rom a mental standpoint, the claimant can understand, remember and carryout short and simple instructions; maintain attention and concentration for 2-hour periods; make simple work-related decisions; respond appropriately to changes in the work setting frequently; and be aware of normal hazards and take appropriate precautions.

(Tr. 22). In reaching this conclusion, the ALJ indicated that she considered all of Cruz's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and SSR 16-3p." (*Id.*). This in addition to the medical opinions and prior administrative findings as mandated by 20 C.F.R. § 404.1520c. (*Id.*).

In following the required two-step process (first determining if the physical or mental impairments could reasonably be expected to produce the pain and/or symptoms alleged, and second, evaluating the intensity, persistence, and limiting effects of said symptoms to determine the extent to which they limit Plaintiff's work-related activities), the ALJ concluded after a thorough and detailed explanation, (Tr. 22–27), that Cruz's medically determinable impairments could reasonably be

expected to cause the alleged symptoms. (Tr. 23). But, the ALJ observed that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." (*Id.*). Thus, the ALJ found that given the "sparse treatment record and unremarkable objective mental status findings" Cruz could perform tasks "consistent with moderate limitations in understanding and memory, social interaction, sustained concentration and persistence, and adaptation." (Tr. 26).

Moving on, the ALJ did find in her Step Four analysis that Cruz had not performed any past relevant work within the last five years but there were jobs in the economy that Cruz could have performed. (Tr. 27–29). Vocational expert, Maria De Leon Curet reviewed Cruz's vocational background and found that Cruz had not performed any occupation within the past five years. (Tr. 27). During the hearing the ALJ asked the vocational expert a hypothetical based on an RFC range of light work and another hypothetical based on an RFC range of sedentary work. (Tr. 60–62). The vocational expert testified that under the light work hypothetical, jobs available included: Ticket Taker, Ticket Seller, and Information Clerk. (Tr. 60–61). Under the sedentary hypothetical, jobs available included: Call-out Operator, Charge Account Clerk, and Stuffer. (Tr. 61–62). The ALJ found that considering Cruz's age, education, work experience, and RFC capacity to perform the full range of sedentary work, there were jobs in significant numbers in the national economy—from 26,000 to 29,000— that she could have performed such as ticket taker, ticket seller, and information clerk. (Tr. 28). On this basis, the ALJ found at Step Five that Cruz was not disabled under the Act. (Tr. 29).

On January 2, 2025, Cruz sought review of the ALJ's decision before the Appeals Council. (Tr. 598–599). On December 3, 2025, the Appeals Council denied the request for review. (Tr. 1–8). On that date, the ALJ's decision became the Commissioner's final decision.

On January 12, 2026, Cruz filed her social security complaint before this Court. (ECF No. 3). On March 13, 2026, the social security transcript was filed on the docket. (ECF No. 11). Upon consent

of the parties (ECF Nos. 5, 8) on January 13, 2026, this case was formally referred to the undersigned Magistrate Judge for all further proceedings including the entry of judgment. (ECF Nos. 8, 9). Cruz's social security brief was filed on April 15, 2026, (ECF No. 14), and the Commissioner's on May 12, 2026. (ECF No. 16). Cruz did not reply.

## DISCUSSION

Cruz raises two claims of error. First, that the ALJ failed to provide jobs at Step Five that were compatible with the ALJ's proposed RFC. (ECF No. 14 at 11–14). Second, that the ALJ failed in assessing Cruz's manipulative limitations. (*Id.* at 14–16). As to the first issue, the Commissioner acknowledges that the ALJ's Step Five finding was based on the wrong set of jobs but emphasizes that the error does not warrant remand. (ECF No. 16 at 3–5). As to the second issue, the Commissioner argues that there was no evidence presented to establish manipulative limitations beyond the RFC. (*Id.* at 5–7).

### I. Job compatibility with the RFC assessment

The parties agree that the ALJ based the Step Five finding on the wrong set of jobs. At the hearing, the ALJ presented the vocational expert two hypotheticals. (Tr. 60–62). The first hypothetical was for an RFC range of light work. (Tr. 60–61). The vocational expert opined that based on the light work RFC range, the individual could perform jobs such as ticket taker, ticket seller, and information. (Tr. 61). The second hypothetical was for an RFC range of sedentary work. (Tr. 61-62). The vocational expert opined that based on the sedentary work RFC range, the individual could perform jobs such as call-out operator, charge account clerk, and stuffer. (Tr. 62). The ALJ later found that based on a sedentary RFC range, Cruz could perform jobs such as ticket taker, ticket seller, and information clerk. (Tr. 28). In other words, the available jobs and associated RFC range were swapped and the ALJ should have named call-out operator, charge account clerk, and stuffer as jobs Cruz could perform under a sedentary RFC range. Yet, as argued by the Commissioner, this is not a mistake fatal enough

to warrant remand.

At Step Five, the burden is on the Commissioner "to demonstrate that there are jobs in the national economy that claimant can perform." *Heggarty v. Sullivan*, 947 F.2d 990, 995 (1st Cir. 1991). To find that there are available jobs in the economy, there need only be evidence that there are a significant number of jobs available in the economy. "There is no bright line test establishing the number of jobs necessary to constitute a 'significant number' and each case should be evaluated on its individual merits." *St. Louis v. Astrue*, No. 10-cv-00347-PB, 2011 U.S. Dist. LEXIS 82579, at *34 (D.N.H. July 27, 2011). As evidenced by the record, the vocational expert testified at the hearing that there were jobs available in the economy for a sedentary RFC range. Combined, the identified sedentary jobs equal 25,000 jobs nationally. This is more than sufficient. *See Astrue*, 2011 U.S. Dist. LEXIS, at *35 (collecting cases); *Vining v. Astrue*, 720 F. Supp. 2d 126, 137 (D. Me. 2010) (finding 11,000 jobs in the national economy qualifies as a significant number at Step-Five).

To remand would therefore be an "empty exercise." *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("While an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than empty exercise.") (cleaned up). As such, Cruz's first claim of error fails.

**II. Manipulative Limitations**

Cruz also argues that the ALJ erred in assessing her manipulative limitations. (ECF No. 14 at 14). She fails, however, to provide any evidence that conflicts with the ALJs findings. The burden is on Cruz to establish her manipulative limitations and here Cruz fails to provide any evidentiary support for her desired finding. *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001) ("The applicant has the burden of production and proof at the first four steps of the process."); *Colon v. Comm'r of Soc. Sec.*, No. 22-1545 (MEL), 2024 U.S. Dist. LEXIS 160971, *9 (D.P.R. Sep. 5, 2024) ("The claimant bears the burden of providing evidence to establish how his impairments limit his RFC.").

In any case, the record was clear that the evidence was sufficient to establish an RFC that does not include manipulative limitations. Dr. Martinez Cazorla opined that Cruz "was limited to carrying, lifting, and handling moderate weight objects." (Tr. 26). And the state agency medical consultants did not assess any manipulative limitations. (Tr. 449–50, 458–60). This is consistent with the ALJ's manipulative limitations finding that Cruz "can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently." (Tr. 22). Therefore, Cruz's second claim of error also fails.

**CONCLUSION**

In light of the foregoing, I find that the decision of the ALJ is supported by substantial evidence and free of any error warranting remand. Therefore, the decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this November 20, 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge